UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VLADIMIR TODOROVIC and ALP TUNCACI,

                                  Plaintiffs,

                                  -v-

LIQUID LABS, INC.,

                                Defendant.

18-CV-1643 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

The defendant in this case seeks a venue transfer to the Northern District of California pursuant to a forum-selection clause. For the reasons that follow, the motion is granted.

**I.    Background**

The two plaintiffs developed a software platform called Fungaroo. Plaintiffs hired Defendant Liquid Labs, Inc., also known as Gigster, to help build the technology. The Complaint alleges (1) that Gigster did not provide the contracted services on time, (2) that Gigster did subpar work, and (3) that Gigster released Fungaroo's trade secrets onto the internet. (Dkt. No. 1-1 ("Compl.") ¶¶ 2–5.) The Complaint asserts various contract and tort claims.

After Plaintiffs filed suit in New York Supreme Court, Gigster removed the case to federal court. Gigster now moves to transfer venue to the Northern District of California.

**II.    Legal Standard**

The mechanism by which to enforce forum-selection clauses is the venue-transfer provision in 28 U.S.C. § 1404(a). *See Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Tx.*, 571 U.S. 49, 59–60 (2013). That statute provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all

1

parties have consented." 28 U.S.C. § 1404(a). But while the typical § 1404 analysis involves a holistic balancing of various interests, a forum-selection clause commands "controlling weight" in the § 1404 analysis. *Atlantic Marine*, 571 U.S. at 63 (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988) (Kennedy, J., concurring)). "When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause. Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." *Id.* at 62 (footnote omitted).

In addition to putting a brick on the scale in favor of transferring the case, a forum-selection clause affects the § 1404 calculus in three other ways: (1) "the plaintiff's choice of forum merits no weight," and "the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted"; (2) "a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests" and may only consider the public-interest factors, which will rarely defeat a transfer motion; and (3) "when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules." *Id.* at 63–64.

## III. Discussion

In support of its motion, Gigster points to the following language in the two contracts at issue, both of which are attached to the Complaint:

> This Agreement will be governed by the laws of the State of California without regard to its conflict of laws provisions. For all disputes relating to this Agreement, each Party submits to the exclusive jurisdiction of the state and federal courts located in San Francisco, California and waives any jurisdictional, venue, or inconvenient forum objections to such courts.

(Dkt. No. 1-1 at 48, 61.)

In response, Plaintiffs make a host of arguments based on convenience and the parties' resources. But as the Supreme Court held in *Atlantic Marine*, Plaintiffs waived those arguments when they agreed to the forum-selection clause. 571 U.S. at 64. Plaintiffs also argue that Gigster bears the burden to show that transfer is appropriate, but *Atlantic Marine* held that the forum-selection clause shifts the burden onto the party opposing transfer. *Id.* at 63.

Plaintiffs' only arguments challenging the validity of the forum-selection clause is that there was a disparity in bargaining power and that the provision was crammed into a wall of complicated legalese. But unequal bargaining power and prolix language do not constitute the "extraordinary circumstances" needed to invalidate a forum-selection clause. *Id.* at 62; *see also Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991) (holding that forum-selection clause was enforceable because "there is no evidence that petitioner obtained respondents' accession to the forum clause by fraud or overreaching"). This is especially so given that Gigster is headquartered in San Francisco, the city to which it seeks transfer (Compl. ¶ 9), which indicates that the forum-selection clause was not inserted with nefarious intent. *See Carnival Cruise Lines*, 499 U.S. at 595.

### IV. Conclusion

For the foregoing reasons, Defendant's motion to transfer venue is GRANTED. The Clerk of Court is directed to close the motion at Docket Number 12.

It is further ORDERED that this case be transferred to the U.S. District Court for the Northern District of California.

SO ORDERED.

Dated: May 14, 2018
       New York, New York

_____
J. PAUL OETKEN
United States District Judge